UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2201(DSD/SRN)

Twin City Harley Davidson, Inc.,
a Minnesota corporation,
d/b/a Midwest Sports Center,

Plaintiff,

v. **ORDER**

Mercury Marine, Inc., a
division of Brunswick Corporation,
a Delaware corporation,

Defendant.

George R. Serdar, Esq. and Messerli & Kramer, 1800 Fifth Street Towers, 150 South Fifth Street, Minneapolis, MN 55402, counsel for plaintiff.

John D. French, Esq., Daniel J. Connolly, Esq. and Faegre & Benson, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint. Based on a review of the file, record and proceedings herein, the court grants defendant's motion in part and denies it in part.

## BACKGROUND

Defendant Mercury Marine ("Mercury") is a Delaware corporation which manufactures outboard motors and other marine products. Plaintiff Midwest Sports Center ("MSC"), the business name for Twin

FILED 6-4-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

City Harley Davidson, is a Minnesota corporation and independent marine equipment dealer which sells, among other things, outboard motors manufactured by defendant. On October 29, 1997, MSC and Mercury entered into a sales and service agreement which established a dealer relationship between MSC and Mercury. The agreement provides in relevant part that "[p]roducts sold to the Dealer by Mercury Marine will be based on price lists published by Mercury Marine from time to time." (Complaint, Exh. A, ¶ 5).

MSC believed this term required Mercury to publish uniform price lists and to sell outboard motors to all of its dealers according to this pricing scheme. However, MSC learned that Mercury was selling outboard motors to a competitor of MSC at lower prices than it charged to MSC. Based on this "offsheet pricing" arrangement, MSC filed this lawsuit against Mercury alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing, and (3) violations of the Robinson-Patman Act. Mercury now moves to dismiss MSC's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**DISCUSSION**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When ruling on a 12(b)(6) motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief. Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). In this case, the court concludes that MSC's allegations are factually and legally insufficient to support its contract claims, but that dismissal of MSC's Robinson-Patman Act claim would be premature.

**I. Breach of Contract**

MSC argues that, pursuant to the dealer sales and service agreement, Mercury is obligated to publish uniform price lists and to sell outboard motors to all of its dealers according to these

price lists. MSC also submits copies of dealer program documentation in an attempt to show that Mercury consistently represented to all of its outboard motor dealers that it would sell its products based on a uniform pricing program. The court declines to review this extrinsic evidence because the sales agreement between MSC and Mercury is a fully integrated contract which unambiguously imposes no such obligation on Mercury to offer uniform pricing to all dealers. See Brookfield Trade Ctr., Inc. v. County of Ramsey, 584 N.W.2d 390, 392 n.1 (Minn. 1998) (holding that a court may not consider extrinsic evidence where the language of the contract is unambiguous).

The contract provides that "[p]roducts sold to the Dealer by Mercury Marine will be based on price lists published by Mercury Marine from time to time." (Complaint, Exh. A, ¶ 5). As Mercury properly contends, this language sets forth only the product pricing arrangement between MSC and Mercury and does not address or restrict in any way Mercury's communications with or sales to other dealers. Absent a "most-favored nations" provision, MSC has no contractual basis to argue for a uniform pricing arrangement. Accordingly, MSC's breach of contract claim is dismissed.

**II. Breach of Implied Good Faith and Fair Dealing Covenant**

Under Minnesota law, "every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder the other party's performance of the

contract. In re Hennepin County 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995) (quoting Zobel & Dahl Constr. v. Crotty, 356 N.W.2d 42, 45 (Minn. 1984)). However, a cause of action for breach of the duty of good faith and fair dealing cannot exist independent of an underlying breach of contract claim. Orthomet, Inc. v. A.B. Med., Inc., 990 F.2d 387, 392 (8th Cir. 1993) (citing International Travelers Arrangers v. NWA, Inc., 723 F. Supp. 141, 152-53 (D. Minn. 1989), aff'd in part and rev'd in part on other grounds, 991 F.2d 1389 (8th Cir. 1993)). Therefore, because the court has ruled that MSC has not stated a claim for breach of contract, MSC's claim for breach of the implied covenant of good faith and fair dealing must also be dismissed.

**III. Robinson-Patman claim**

Finally, MSC claims that Mercury engaged in price discrimination in violation of the Robinson-Patman Act, 15 U.S.C. § 13. It appears to the court that MSC is alleging secondary-line price discrimination,[1] which requires MSC to establish four facts: (1) that the seller's sales were made in interstate commerce; (2) that the seller discriminated in price as between the two purchasers; (3) that the product or commodity sold to the competing purchasers was of the same grade and quality; and (4) that the

---

[1] Secondary-line price discrimination occurs when a seller's discrimination impacts competition among the seller's customers, i.e., the favored purchasers and disfavored purchasers. See F.T.C. v. Sun Oil Co., 371 U.S. 505 (1963); Godfrey v. Pulitzer Publ. Co., 161 F.3d 1137, 1140 (8th Cir. 1998).

price discrimination had a prohibited effect on competition. Texaco Inc. v. Hasbrouck, 496 U.S. 543, 556 (1990). Moreover, to recover damages under the statute, MSC has the burden of proving the extent of its actual injuries. J. Truett Payne Co. v. Chrysler Motors Corp., 451 U.S. 557, 562 (1981). Mercury does not deny in its motion to dismiss that it has made contemporaneous sales to a competitor of MSC at lower prices than those offered to MSC. However, Mercury argues that MSC has failed to allege sufficient competitive injury to sustain a Robinson-Patman Act claim. Mercury also contends that MSC has not alleged sufficient causal connection between the price discrimination and the claimed injury.

In its complaint, MSC avers that Mercury sold outboard motors to a competitor, Link Recreational, at lower prices than those charged to MSC. (Complaint ¶ 15.) MSC further alleges that in early 1999, Link Recreational began experiencing financial difficulties, at which time its assets were transferred to OBC Midwest, Inc., an organization related in some fashion to Brunswick Corporation, the parent company of Mercury Marine.[2] (Id. ¶ 12) OBC Midwest then established a retail store within ten miles of the business location of MSC, where at all times relevant to this

[2] According to MSC, Brunswick is either a substantial creditor of OBC Midwest, or it maintains a substantial equity ownership in OBC Midwest. (Id. ¶ 15.)

lawsuit, it sold outboard motors manufactured by Mercury. (Id. ¶ 13.) MSC contends that it has suffered competitive injury due to the price discrimination afforded to Link Recreational by Mercury.

Although MSC does not detail the amount and degree of the price discrimination or its specific effect on MSC's profits or ability to compete, the court believes the amended complaint sufficiently alleges the essential elements of a Robinson-Patman claim. As the Eighth Circuit reasoned nearly twenty years ago in Fusco v. Xerox, 676 F.2d 332 (8th Cir. 1982):

> The liberal rules of pleading embodied in Fed. R. Civ. P. 8 are as applicable to claims in antitrust or price discrimination cases as they are in any other case. All that is required is a short, plain statement of facts sufficient to give the defendant fair notice of the basis of the claim. Moreover, in antitrust cases, where the proof is largely in the control of the defendant, "dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." In the instant case, further particularization of appellants' allegations of discriminatory sales clearly is attainable through discovery procedures. In the event that appellants fail to uncover facts substantiating the discriminatory sale allegations, summary judgment is available "to avoid expensive trials of frivolous claims."

Fusco, 676 F.2d at 337 n.7 (internal citations omitted). As in Fusco, should discovery establish that MSC's claim of competitive injury lacks merit, Mercury can petition the court for dismissal of MSC's claim pursuant to Fed. R. Civ. P. 56. Accordingly, Mercury's motion to dismiss MSC's Robinson-Patman claim is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss plaintiff's complaint is granted in part and denied in part.

2. Counts 1 (breach of contract) and 3 (breach of the covenant of good faith and fair dealing) of the complaint are dismissed with prejudice.

Dated: June 1, 2001.

David S. Doty, Judge
United States District Court