**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**TWIN CITY HARLEY DAVIDSON, INC., d/b/a MIDWEST SPORTS CENTER, a Minnesota corporation,**

**Plaintiff,**

**v.**

**MERCURY MARINE, a division of Brunswick Corporation, a Delaware corporation,**

**Defendant.**

**Civil No. 00-2201 (DSD/SRN)**

**O R D E R**

---

George R. Serdar, Esq., on behalf of Plaintiff Twin City Harley Davidson, d/b/a Midwest Sports Center.

Daniel J. Connolly, Esq., on behalf of Defendant Mercury Marine.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on January 8, 2002, on a motion by Plaintiff Twin City Harley Davidson, Inc., d/b/a Midwest Sports Center ("Midwest Sports"), for an order: 1) compelling Defendant Mercury Marine to answer Plaintiff's First Set of Interrogatories served on October 1, 2001; 2) compelling the Defendant to produce documents responsive to Plaintiff's First Request for Production of Documents served on October 1,

JAN 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2001; 3) declaring that Defendant has waived all objections to Plaintiff's discovery, except those objections relating to the attorney-client privilege; and 4) pursuant to Fed. R. Civ. P. 37(a)(4), ordering the Defendant to pay to Plaintiff all reasonable attorneys' fees and costs incurred by the Plaintiff in bringing this motion.

Defendant Mercury Marine responded to Midwest Sports Center's discovery requests four days before the hearing on this motion, but only to the extent the requests did not call for proprietary business information. Explaining that its responses were delayed because of counsel's involvement in a lengthy and complicated trial, coupled with the subsequent holiday shut-down of the Mercury Marine facilities in Fond du Lac Wisconsin, (see Exhibit C to the Affidavit of Danicl J. Connolly), Mercury Marine asserts that its answers to interrogatories and responses to requests for production have mooted much of the Plaintiff's motion to compel. Mercury Marine represented that it will produce information and documents containing confidential and proprietary business information, such as pricing and other sensitive dealer information, upon entry of an appropriate Protective Order.[1] Mercury Marine believes that once this is accomplished, any outstanding discovery issues related to the Plaintiff's discovery requests will be resolved.

---

[1] Mercury Marine's proposed Protective Order is attached as Exhibit B to the Affidavit of Daniel J. Connolly.

Plaintiff Midwest Sports Center does not agree that its motion has been substantially mooted by Mercury Marine's delayed responses. In fact, Midwest Sports takes issue with the Defendant's objections propounded in response to Midwest's interrogatories and document requests, and asserts that the Defendant has waived any and all objections by failing to respond in a timely manner. Furthermore, noting that the protective order issue is not properly before the Court at this time, the Plaintiff voiced its objection to several aspects of the one proposed by Mercury Marine.

The Court is concerned about the Defendant's delay in responding to the Plaintiff's discovery requests served on October 1, 2001. Counsel for Defendant Mercury Marine attests that before this motion was filed, he informed Mr. Serdar of Mercury Marine's need for additional time to respond, he continued to keep Mr. Serdar appraised of his trial situation and Mercury Marine's holiday shut-down, and he attempted to obtain extensions to obviate the need for court intervention. See Connolly Aff., ¶ 2. However, the Defendant never formally moved for an extension of time to respond, never requested the Plaintiff to stipulate to the issuance of a protective order before January 4, 2002, nor did the Defendant formally move for the issuance of a protective order.

At the conclusion of the hearing on this matter, counsel for the parties were instructed to meet and confer no later than January 18, 2002, to

try to resolve as many of the remaining issues as possible, including the propriety of the Defendant's objections to the discovery requests, as well as the crafting of a mutually acceptable protective order. Counsel shall then report back to the Court, via an informal telephone conference, with the results of their efforts[2].

In the meantime, the Court denies without prejudice the Plaintiff's motion to compel, (and for other relief), pending the parties' meet and confer and the subsequent informal conference with the Court. The Court will entertain the Plaintiff's motion again, if necessary.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

1) Plaintiffs' Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (Doc. No. 19)is **DENIED WITHOUT PREJUDICE** in its entirety.

Dated: January 15, 2002.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[2] Counsel may schedule this telephone conference with the Court's Calendar Clerk, Beverly Riches, at (651) 848-1200.