UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Twin City Harley Davidson, Inc.,

Plaintiff,

v.

Civ. No. 00-2201 (JEL/JGL)
ORDER

Mercury Marine, Inc.,

Defendant.

---

George R. Serdar, Esq., Messerli & Kramer, P.A., appeared for Plaintiff Twin City Harley Davidson, Inc.

John D. French, Esq., and Daniel J. Connolly, Esq., Faegre & Benson LLP, appeared for Defendant Mercury Marine, Inc.

---

Twin City Harley Davidson, Inc. (Harley), brought this action against Mercury Marine, Inc. (Mercury), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Robinson-Patman Act, 15 U.S.C. § 13 (2000). In June 2001, the Honorable David S. Doty, United States District Judge, dismissed Harley's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. This matter now comes before the Court on Mercury's Motion for Summary Judgment on the remaining Robinson-Patman Act claim, and on Harley's Motion to Amend the Pretrial Scheduling Order. For the reasons set forth below, the Court grants Mercury's motion.

**SUBJECT MATTER JURISDCTION**

Harley alleges violations of the Robinson-Patman Act. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (2000).

FILED OCT 0 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED OCT 0 2 2002
DEPUTY CLERK'S INITIALS

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Harlow v. Fitzgerald*, 457 U.S. 800, 816 n.26 (1982); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1048 (8th Cir. 2002).

To establish its Robinson-Patman Act claim, Harley bears the burden of proving: (1) that Mercury's sales were made in interstate commerce; (2) that Mercury discriminated in price as between two purchasers; (3) that the product or commodity sold to the competing purchasers was of the same grade and quality; and (4) that the price discrimination had a prohibited effect on competition. *See Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 556 (1990). In addition, Harley bears the burden of proving the extent of its actual injuries. *See J. Truett Payne Co. v. Chrysler Motors*

*Corp.*, 451 U.S. 557, 561-62 (1981).

Mercury asserts that there is no evidence in the record to support any of the elements of Harley's Robinson-Patman Act claim. Mercury therefore argues that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Harley does not dispute Mercury's assertion that the record contains no evidence to establish Harley's claim. Harley instead relies on Rule 56(f) of the Federal Rules of Civil Procedure to argue that the Court should deny Mercury's motion. Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Harley maintains that it cannot present facts to oppose Mercury's motion because it has not been able to conduct effective discovery. The Court therefore will briefly review the discovery proceedings.

The pretrial scheduling order was issued on July 31, 2001. It set May 1, 2002, as the discovery deadline. In January 2002, a dispute arose over the terms under which Mercury would produce certain documents to Harley. In early January, Mercury submitted a proposed protective order under which it would produce the documents to Harley. Harley did not agree to the protective order. In late January, Mercury produced the documents on the condition that Harley personnel would not review them. Harley's counsel agreed not to share the documents with any Harley personnel until a protective order was executed. The parties discussed the protective order into June, but they never reached an agreement. The parties never asked the magistrate judge to amend the pretrial scheduling order.

Harley's alleged inability to conduct effective discovery arises out of the terms under which Mercury produced the documents. Harley's counsel asserts that the documents appeared to relate

to pricing information, but that he was unable to determine the content of many documents without the assistance of Harley personnel.

The Court does not find Harley's request for relief under Rule 56(f) persuasive. Rule 56(f) provides no relief to a party who fails to diligently pursue discovery. *E.g.*, *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001); *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 45 n.4 (1st Cir. 1999); *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190-91 (7th Cir. 1995); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264-65 (10th Cir. 1984); *see generally* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2741 (3d ed. 1998). During the three months between Harley's counsel's receipt of the documents and the discovery deadline, Harley neither retained an expert nor deposed Mercury personnel to gain an understanding of the documents. Harley also failed to seek resolution of the parties' disagreement regarding the protective order before the magistrate judge. Thus, Harley failed to diligently pursue discovery with respect to the documents. In addition, Harley's difficulties with the documents does not explain its failure to submit any evidence to establish its actual injuries or that Mercury's alleged price discrimination had a prohibited effect on competition.

"As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Explaining the importance of pretrial scheduling orders, one district court has observed:

> A scheduling order is an important tool in controlling litigation. A magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' Scheduling orders have become increasingly critical to the district court's case management responsibilities because '[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars.' . . . [T]he flouting of discovery deadlines causes substantial harm to the judicial system.

*Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994) (citations omitted). The parties' discussions about the protective order from January into June do not allow Harley to escape the scheduling order's deadlines. The parties cannot amend the pretrial scheduling order "except upon a showing of good cause *and by leave of the district judge or, when authorized by local rule, by a magistrate judge.*" Fed. R. Civ. P. 16(b) (emphasis added). Harley concedes that it was neither tricked nor misled by Mercury to forego asking the magistrate judge to amend the pretrial scheduling order. In fact, in a letter to Harley's counsel dated March 14, 2002, counsel for Mercury indicated that the parties should seek the magistrate judge's guidance as to how to proceed in the face of discovery delays: "At this point we almost certainly will need to speak with [the magistrate judge] as to how to proceed, if at all, with this litigation, as we are now well beyond the dates outlined in the Court's Pretrial Order of July 31, 2001 for the disclosure and deposition of your experts." During the three months between its receipt of the documents and the discovery deadline, Harley did not ask the magistrate judge to amend the pretrial scheduling order. Even after the discovery deadline passed, Harley failed to move to amend the scheduling order by May 15, 2002, the nondispositive motion deadline.

The discovery deadline has passed; discovery is closed. The record contains no evidence to establish any of the elements of Harley's Robinson-Patman Act claim. The Court therefore concludes that there is no genuine issue as to any material fact and that Mercury is entitled to a judgment as a matter of law. Because Mercury is entitled to summary judgment, Harley's motion to amend the pretrial scheduling order is denied as moot.

## CONCLUSION

IT IS ORDERED THAT:

1. Defendant Mercury's Motion for Summary Judgment [Docket No. 32] is GRANTED.

2. Plaintiff Harley's Motion to Amend the Pretrial Scheduling Order [Docket No. 29] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 2, 2002

JOAN ERICKSEN LANCASTER
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*